%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| IRON PASHA INC. | SHANGHAI GRAND CHINA SHIPPING DEVELOPMENT CO. LTD., et al (See Schedule A) |
| (b) County of Residence of First Listed Plaintiff _____ (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) Manuel F. Valdés, Esq. 141 Almeria Avenue Coral Gables, Florida 33134   Tel: 786 594 0180 | Attorneys (If Known) |

(d) Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):
a) Re-filed Case ☐ YES ✓ NO    b) Related Cases ☐ YES ✓ NO
JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1333; Breach of Maritime Contract

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 18,639,370.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ✓ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   _[signature]_

DATE  12/29/11

FOR OFFICE USE ONLY
AMOUNT _____   RECEIPT # _____   IFP _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

       **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

       **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

       (d) Choose one County where Action Arose.

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States District Courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Related/Refiled Cases.** This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
                                                  Brief Description: Unauthorized reception of cable service

**VIII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## Schedule A

**Defendants**

SHANGHAI GRAND CHINA SHIPPING DEVELOPMENT CO., LTD;

HONG KONG CHAIN GLORY SHIPPING CO., LTD

GRAND CHINA LOGISTICS HOLDINGS (GROUP) COMPANY LIMITED

GRAND CHINA SHIPPING (HONG KONG) LTD;

GRAND CHINA SHIPPING (YANTAI) CO. LTD;

HNA GROUP CO. LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

Case Number: _____

IRON PASHA INC.          )
    Plaintiff,          )
  vs.                    )
                         )
SHANGHAI GRAND CHINA SHIPPING )
DEVELOPMENT CO. LTD;     )
HONG KONG CHAIN GLORY    )
SHIPPING CO., LTD; GRAND CHINA )
LOGISTICS HOLDINGS (GROUP) )
COMPANY LIMITED; GRAND CHINA )
SHIPPING (YANTAI) CO., LTD; )
GRAND CHINA SHIPPING     )
(HONG KONG) CO. LTD.;    )
HNA GROUP CO. LTD.,      )
    Defendants.        )
---------------------------------------------------------

## VERIFIED COMPLAINT

Plaintiff, IRON PASHA INC., by its attorney, Michelle Otero Valdes as and for its Verified Complaint against Defendants, SHANGHAI GRAND CHINA SHIPPING DEVELOPMENT CO. LTD; HONG KONG CHAIN GLORY SHIPPING CO., LTD; GRAND CHINA LOGISTICS HOLDINGS (GROUP) COMPANY LIMITED; GRAND CHINA SHIPPING (HONG KONG) LTD.; GRAND CHINA SHIPPING (YANTAI) CO. LTD; and HNA GROUP CO. LTD., (hereinafter collectively "Defendants"), alleges upon information and belief as follows:

### JURISDICTION, VENUE, AND PARTIES

1.    This is an admiralty and maritime claim within the meaning of rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of a maritime contract

i.e. an executed bareboat charter party for the employment of a seagoing cargo vessel. This case also falls under this court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is brought under the provision of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims, and the Federal Arbitration Act, 9 U.S.C. §§ 4, 8 in aid of maritime arbitration.

2. At all times material hereto Plaintiff, IRON PASHA INC., is a corporation organized under the laws of the Marshall Islands and the registered owner of the MV GCL ARGENTINA, a motor bulk carrier vessel registered in the republic of the Marshall Islands with IMO number 9469924 and international call sign V7UZ7.

3. At all times Material hereto Defendant, SHANGHAI GRAND CHINA SHIPPING DEVELOPMENT CO. LTD. (hereinafter "DEVELOPMENT"), was and is a foreign company organized under the laws of the People's Republic of China and the bareboat charterer of the GCL ARGENTINA under a bareboat charter party contract dated April 12, 2010 ("the bareboat charter"). *A copy of the bareboat charter is attached hereto as **EXHIBIT 1**.*

4. At all times Material hereto Defendant, HONG KONG CHAIN GLORY SHIPPING CO., LTD. (hereinafter "CHAIN GLORY"), is a corporate entity organized under the laws of a country other than the United States, and the co-charterer of the GCL ARGENTINA under the same bareboat charter and a "nominee charterer" on behalf of defendant DEVELOPMENT under clause 4 of the bareboat charter. *See EXHIBIT 1*.

5. At all times Material hereto Defendant, GRAND CHINA LOGISTICS HOLDINGS (GROUP) COMPANY LIMITED (hereinafter "GRAND CHINA LOGISTICS"), is a foreign company organized under the laws of the People's Republic of China and the guarantor of the performance of DEVELOPMENT and CHAIN GLORY under the bareboat charter (*See*

*EXHIBIT 1* at clause 4) and also a joint and several principal obligor under same pursuant to a written performance guarantee dated April 21, 2010. *A copy of the performance guarantee is attached hereto as **EXHIBIT 2**.*

6. At all times material hereto Defendant, GRAND CHINA SHIPPING (YANTAI) CO., LTD (hereinafter "GRAND CHINA YANTAI"), is a corporate entity organized under the laws of the People's Republic of China engaging in marine transportation business and has registered as a vessel operating carrier with the U.S. Federal Maritime Commission ("FMC") and has filed tariffs, as required by law. *Copies of tariffs filed by said defendant are attached hereto as **EXHIBIT 3**. An extract of the online record of the FMC showing GRAND CHINA SHIPPING'S registration is attached hereto as **EXHIBIT 4**.*

7. At all times material hereto Defendant GRAND CHINA SHIPPING (HONG KONG) CO., LTD, (hereinafter "GRAND CHINA HONG KONG") is a corporate entity organized under the laws of China engaging in marine transportation business and the leasing of shipping containers.

8. At all times material hereto Defendant, HNA GROUP CO. LTD (hereinafter "HNA"), is a corporate entity organized under the laws of the People's Republic of China and the parent company of Defendants: GRAND CHINA LOGISTICS; DEVELOPMENT; CHAIN GLORY; and GRAND CHINA YANTAI, and GRAND CHINA HONG KONG. *See documents attached hereto as **EXHIBIT 5**.*

9. The jurisdiction of this Honorable Court is founded on the presence within the District of property of the Defendants that may be attached by process of maritime attachment and garnishment under the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, as pled in Section V of this Verified Complaint.

## II. THE SUBSTANTIVE CLAIMS

10. Under a bareboat charter party dated April 12, 2010, Plaintiff chartered its vessel GCL ARGENTINA for a term of five (5) years to DEVELOPMENT, its nominee, CHAIN GLORY, and to their respective performance guarantor GRAND CHINA LOGISTICS, who is also a joint and several obligor under a performance guarantee dated April 21, 2011.

11. Plaintiff agreed to name the vessel <u>GCL</u> ARGENTINA to denote its status as tonnage of GRAND CHINA LOGISTICS (*emphasis added*).

12. Plaintiff duly delivered the vessel into her service under the bareboat charter party, has duly rendered, and is continuing to render the contractual performance required of it.

13. However, Defendants DEVELOPMENT, CHAIN GLORY, and GRAND CHINA LOGISTICS (hereinafter collectively referred to as "Charterers"), have entirely failed and refused to perform their obligations under the bareboat charter party contract and are in default and indebted to Plaintiff for the following liquidated sums which are due and owing:

<u>30 days' Earned Bareboat Charter Hire Owed</u> ......................................*$ 594,000.00.*

14. Further, on or about December 23, 2011, Defendants clearly and unequivocally expressed an intention to unilaterally withdraw from the charterparty, and to redeliver the vessel prematurely on or about January 15, 2012, even though they are obligated to Plaintiff to employ the vessel for the remainder 4 years of the unexpired charter term. *See declaration of Despina Bacha hereto attached as **EXHIBIT 13**.*

15. Accordingly Defendants are obligated to also pay Plaintiff bareboat charter hire at the agreed rate until the date of the unilateral redelivery i.e. 9 days x $ 19,800= $ 178,200.00

16. The conduct on the part of the Defendants, noted in the above and foregoing paragraph 14 is tantamount to repudiation of the charter which entitles Owners to accept the

repudiation and seek damages for the loss of revenue thereby occasioned to them which is calculated on the basis of the difference between the contractual bareboat charter rate of $ 19,800 daily and the projected time charter rate for the employment of the GCL ARGENTINA over the remainder of the unexpired charterparty term, which Plaintiff calculates is : $ 19,800( contract rate ) - $ 8,500 (projected market rate) = $ 11.300 (difference) x 1,307 (remaining days under the contract) = $ 14,769,100.00.

17. Under charter party clause in "box 19", Charterers are obliged to dry dock the vessel as required by class as needed, and under clause 19 whenever dry docking may be necessary. As a result of prolonged periods of laying idle during her employment by Defendants, the vessel is already in need of dry docking, that charterers should have performed during the course of the charter and before redelivery. Plaintiff estimates the cost of drydocking the GCL ARGENTINA will be no less than $ 650,000.00

18. Plaintiff has duly demanded payment from the Defendants and, in the alternative has sought security from them, both of which Defendants have refused and resisted. Defendants are in actual possession and control of the GCL ARGENTINA, directing and controlling her trade and moves.

### III. UNDERLYING PROCEEDINGS ON THE MERITS

19. As provided under clause 30 of the bareboat charter party, Plaintiff has commenced maritime arbitration in London by nominating its arbitrator and giving due notice of the appointment to Defendants. Plaintiff intends to claim in the arbitration the full outstanding amount, as noted in the foregoing, together with interest, costs, and legal fees which are recoverable under the rules governing maritime arbitration in London. Plaintiff estimates the legal costs that will be incurred to pursue its claims in London maritime arbitration proceedings

to be approximately USD $400,000.

## IV. DEFENDANTS' CORPORATE IDENTITY

20. Notwithstanding their formal separate incorporation, the Defendants are in actual fact a single business entity pursuing functionally differentiated business objectives through nominally separate business structures but always subject to the command and control of HNA.

21. HNA's business comprehends the operation of seven (7) distinct business groups: Airlines; Airports; Finance; Logistics; Property; Retail; and Tourism.

22. The Logistics business enterprises of HNA are under the command and control of Defendant Grand China Logistics (Group) Holding Co. Ltd. (*i.e.* GRAND CHINA LOGISTICS), which conducts its business through 26 separate companies it controls.

23. A significant part of the logistics business of GRAND CHINA LOGISTICS is ocean transportation which includes: "container transportation," via its virtually wholly owned subsidiary corporation, Grand China Shipping (Yantai) Co. Ltd (*i.e.* Defendant GRAND CHINA YANTAI); and "dry bulk" cargo transportation via its related corporations Grand China Shipping (Hong Kong) Co. Ltd.( *i.e.* Defendant GRAND CHINA HONG KONG)., and Grand China Shipping Development Co. Ltd (*i.e.* Defendant DEVELOPMENT). *A diagram of the Logistics business structure and operations operated by GRAND CHINA LOGISTICS is attached hereto as EXHIBIT 6.*

24. Defendant GRAND CHINA HONG KONG is owned in its entirety by Defendant GRAND CHINA LOGISTICS. See *Extract from corporate search investigation report hereto attached hereto as EXHIBIT 7 at pg. 1.*

25. Though Defendants comprise nominally separate corporate business / legal entities, their ownership and control is so intertwined and fused that they are distinct from one

another only as a matter of formality, as specifically pled below.

26. Thus, Defendant DEVELOPMENT is owned virtually in its entirety by Defendant GRAND CHINA LOGISTICS, which holds 97 percent of its authorized and issued capital shares with the balance owned by related, and similarly named Grand China Logistics Co. Ltd., the said companies having also provided the initial capital and caused the incorporation of DEVELOPMENT. *See corporate structure investigation report documents attached hereto as EXHIBITS 7 and 8.*

27. Defendant CHAIN GLORY, as clearly stipulated in the bareboat charter party, is a mere nominee of DEVELOPMENT.

28. Defendant GRAND CHINA YANTAI publicly represents and holds itself out as a branch of Defendant GRAND CHINA LOGISTICS and GRAND CHINA LOGISTICS, in turn, publicly represents that it owns GRAND CHINA YANTAI. *A copy of such representations from the website of GRAND CHINA YANTAI is attached hereto as EXHIBIT 9.*

29. GRAND CHINA LOGISTICS is held out by Defendants as "one of the three pillar industries of the Hainan Airlines Group (HNA Group)." *See EXHIBIT 9.*

30. GRAND CHINA YANTAI represents publicly that it is owned and backed up by HNA Group. *Copies of such representations made from press reports adopted and re-published in the website of the said Defendant, as well as express representations of the said Defendant in its website are hereto attached as EXHIBIT 10.*

31. Though Defendants represent themselves as parts of a multi-billion dollar conglomerate business enterprise, *see e.g. EXHBIT 9*, in actual fact some of them are marginally capitalized as is more specifically pled below.

32. All three obligors under the bareboat charter i.e. DEVELOPMENT; CHAIN

GLORY; and GRAND CHINA LOGISTICS had until recently stalled and delayed payment of the daily charter hire of $ 19,800 for several weeks (actually 2 ½ months), leaving an unpaid arrearage of $ 1,485,000 of bareboat charter hire. That substantial arrearage, and other amounts owed were paid by Defendants only after Plaintiff filed suit and attached bunkers and other property belonging to the Defendants. However, within days after their payment, Defendants renewed their pattern of failing to pay hire on the due dates.

33. The Defendants over the course of the last 4 weeks have engaged in a pattern of conduct whereby they have unilaterally repudiated several other charter party contracts they have had with other vessel owners, and simply walking away from their contractual obligations.

34. A close look at the company named in the bareboat charter party as charterer i.e. DEVELOPMENT, reveals a modest sized business with 27 employees which relies entirely on vessels chartered-in from third parties in order to continue carrying on business. *See EXHIBIT 6 item therein briefly describing the capital and nature of DEVELOPMENT'S business.*

35. Similarly, group member GRAND CHINA YANTAI which had operated a containerized liner service between ports of the United States and ports of China (the "SPX" SERVICE) has recently made a public announcement stating that the service is being discontinued. This is likely to result not only in the loss of revenue but may leave Defendants with an obligation to pay charter hire on at least three container-type vessels that are not due to be redelivered until the middle of 2012. *A copy of the announcement is attached hereto as EXHIBIT 11.*

36. Throughout the performance of the GCL ARGENTINA charter party, but particularly since August 2011, it became increasingly evident to Plaintiff that DEVELOPMENT and CHAIN GLORY lack both economic independence and corporate autonomy and are unable

to make their own financial decisions that affect their conduct of business. Instead, such decisions are being made for them by the holding companies that entirely dominate them, *i.e.* GRAND CHINA LOGISTICS and HNA. Thus, DEVELOPMENT and CHAIN GLORY are entirely dependent on GRAND CHINA LOGISTICS and HNA to allocate funds in order to meet their hire payment obligations to Plaintiff.

37. In the conduct of their ocean transport business with chartered-in, non-owned tonnage, Defendants GRAND CHINA LOGISTICS and HNA do not directly contract as charterers with the respective owners, but use other financially weak entities of the Group such as DEVELOPMENT and CHAIN GLORY, the performance of which they guarantee but, as it has turned out, do not intend to honor their undertakings.

38. Although nominally independent of the dominant holding companies of the group, the subsidiary company activities are closely shadowed, supervised and controlled by individuals who are officers, directors, and employees of the dominant holding companies *i.e.* HNA and GRAND CHINA LOGISTICS.

39. Defendant companies share a common company logotype which prominently features the initials "HNA"; and in several instances e-mail addresses with the same domain name *i.e.* "hnair.com" and a common internet name server address *i.e.* "ns1.hnair.com" and "ns2.hnair.com". A number of the Internet registrations for the Defendant companies were set up by the same individual and organization. Thus, the domain names "HNAIR.COM" and "CHAINGLORY.COM" were set up by one Heming Huang who was in the employ of Hainan Airlines Company Limited at HNA Plaza No. 7, Guoxing Road, Haiku. DEVELOPMENT, also, shares the same internet address (name server) as HNA and CHAIN GLORY. *A copy of the Internet searches disclosing the search results is attached hereto as **EXHIBIT 12**.*

40.  At all times material hereto the structure of the Defendants and their affiliated companies was a complex intertwined web of parent and subsidiary companies over which HNA and GRAND CHINA LOGISTICS exercised virtually absolute dominion and control and constituting the subsidiaries: DEVELOPMENT; CHAIN GLORY; GRAND CHINA YANTAI and GRAND CHINA HONG KONG their *alter egos.*

41.  From discussions held on numerous occasions between representatives of Owners and representatives of Charterers, over the course of the performance of the bareboat charter party, it has become evident to Owners that the Defendants, in actual practice pursued business as a single business entity, confusing and commingling assets, officers, directors, and finances, holding themselves out to the public to be a single business and a "Group," guaranteeing the obligations of each other, and in every respect acting as an integrated single business enterprise. *See in this regard the Declaration of Despina Bacha and exhibits thereof, hereto attached as **EXHIBIT 13**.*

### V. APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

42.  None of the Defendants are present or can be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney Declaration of George A. Gaitas attached hereto as **EXHIBIT 14**.* Notwithstanding, the Defendants have within the District tangible or intangible personal property in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment consisting of debts, credits, or effects including but not limited to accounts, checks, payments held or which may be receivable by the said garnishees on behalf of the said Defendants.

43.  More particularly, on information and belief, based on public statements of

Defendant GRAND CHINA SHIPPING YANTAI, and follow-up investigation from confidential market sources, Plaintiff has learned that the said Defendant, or another of the Defendants acting as head charterer and disponent owner of the M/V CARDONIA, a container type ship, have subchartered the said vessel on time charter to another operator, to wit Compañía Chilena de Navegación Interoceánica S.A. ( hereinafter "CCNI") and the said sub charterer CCNI is obligated under its sub-charter to pay daily sub-charter hire to Defendant GRAND CHINA SHIPPING YANTAI or one of the other Defendants for the employment and use of the said vessel.

44. Though Defendants cannot be found in the District, CCNI can be found in the District wherein it operates in business and can be served as garnishee in respect of debts, credits and effects being property of the Defendants in CCNI's hands, to wit: the matured and un-matured obligations to make sub-charter hire payment in respect of the CARDONIA subchapter.

45. Defendants HNA, GRAND CHINA LOGISTICS, GRAND CHINA YANTAI, DEVELOPMENT, GRAND CHINA HONG KONG, and HONG KONG CHAIN have used and are continuing to use their corporate separateness, and their purported separate incorporation abusively, to wit: to engage in fraudulent trading practices and avoid paying agreed and accrued hire for the GCL ARGENTINA. Defendants have contracted obligations, intending to reap the benefits but pay none of the costs. Defendants are accordingly, using the corporate form abusively – *i.e.* to perpetrate fraud and commit other injustice. It would be, accordingly, fair and equitable to pierce or reversely pierce the corporate veil of HNA; GRAND CHINA LOGISTICS; GRAND CHINA SHIPPING; DEVELOPMENT; and HONG KONG CHAIN, in order to reach the economic value of assets said Defendants have compartmentalized in separate corporate pockets; to the detriment of Plaintiff.

46. Alternatively, Defendants having operated, at all relevant times, as a single enterprise, and being the *alter ego* of each other in the circumstances set in the above and foregoing Original Verified Complaint, it would be fair and equitable for any asset of this enterprise to be subject to the claims of judgment creditors of the enterprise, such as Plaintiff, and for any such assets to be attached as security for Plaintiff's maritime claims.

47. Plaintiff has maritime claims against the Defendants HNA; GRAND CHINA LOGISTICS; GRAND CHINA YANTAI; DEVELOPMENT; GRAND CHINA HONG KONG and CHAIN GLORY, arising out of a maritime contract (*i.e.* – the bareboat charter party with IRON PASHA dated April 12, 2010).

The amount of Plaintiff's claim as reasonably as it can be estimated is as follows:

| | |
|---|---:|
| A. Earned Bareboat Charter Hire due and owing (as calculated above) | $594,000.00 |
| B. Additional unpaid bareboat Charter Hire falling due in January 2012 up to unilateral redelivery of January 15, 2012 (9 days x 19,800) | $178,200.00 |
| C. Damages from repudiation of charterparty as estimated in paragraph 15 of the foregoing | $14,769,100.00 |
| D. Drydocking costs | $650,000.00 |
| E. Interest on unpaid sum for 2 years: *calculated at 6% compounded quarterly*............................ | $2,048,070.00 |
| F. Recoverable Legal Fees and Costs................... | $400,000.00 |
| **Total Claim**.................................................................. | **$18,639,370.00** |

48. Therefore, Plaintiff's total claim for breach of the maritime contracts against Defendants is in the aggregate sum of **USD 18,639,370.00.**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.  That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendants and said Defendants be cited to appear and answer the allegations of this Complaint;

B.  That if Defendants cannot be found within this district, then all of their respective property within this district, including physical property debts, credits, or effects including but not limited to; accounts, checks, disbursement advances, payments, and empty shipping containers owned by the said Defendants located ashore or in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C.  That a judgment be entered against the Defendants in the sum of $ **18,639,370.00** and the proceeds of the assets attached be applied in satisfaction thereof;

D.  That the Court grant such other and further relief as it deems, just, equitable and proper.

Dated: Miami, FL
December 28, 2011

> MICHELLE OTERO VALDES
> MANUEL F VALDES
> Attorneys for Plaintiff
> IRON PASHA INC.
>
> By: _____
> Manuel F Valdes ( Florida Bar # 13307)
> Michelle Otero Valdés (Florida Bar #: 14990)
> 141 Almeria Avenue
> Coral Gables, FL 33134
> Tel: (305) 978-8345
> Fax: (786) 594-0180
> Email: miamipandi@comcast.net

OF COUNSEL:
George A. Gaitas (Fed. Bar No. 705176)
*(pro hac vice application forthcoming)*
CHALOS & CO, P.C.
7210 Tickner Street, Houston, TX 77055
Telephone: (713) 936-2427
Telecopier: (866) 702-4577
Email: gaitas@chaloslaw.com

*Attorneys for Plaintiff*
*IRON PASHA INC.*